**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Armstrong, Sr., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> D.R. Horton, Inc., et al., <br><br> Defendants. | No. CV-13-00239-PHX-NVW <br><br> **ORDER** |

      Before the Court is Defendants D.R. Horton, Inc. and D.R. Horton, Inc.-Dietz Crane's Motion to Dismiss Claims of Plaintiffs Adeniji-Onasanwo, Beatty, Caggiano, Cutchon, Fornabai, Moran, and Payne Pursuant to the Statute of Repose, § 12-552 (Doc. 16).

      To decide a motion to dismiss, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Both sides have submitted exhibits (Docs. 16-1, 46-1) that do not satisfy the foregoing conditions and which the Court does not consider in deciding Defendants' motion to dismiss.

      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading.  *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).  "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  *Id.* at 1180.

Plaintiffs' Second Amended Complaint (Doc. 36) does not include the factual allegations necessary to determine whether any claims are barred by Arizona's construction defect statute of repose, A.R.S. § 12-552.  Because leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiffs will be granted leave to file a further amended complaint.

IT IS THEREFORE ORDERED that Defendants D.R. Horton, Inc. and D.R. Horton, Inc.-Dietz Crane's Motion to Dismiss Claims of Plaintiffs Adeniji-Onasanwo, Beatty, Caggiano, Cutchon, Fornabai, Moran, and Payne Pursuant to the Statute of Repose, § 12-552 (Doc. 16) is **granted** to the extent that Plaintiffs' Second Amended Complaint (Doc. 36) is dismissed pursuant to Fed. R. Civ. P. 8(a).

IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint by **June 7, 2013**.

Dated this 23rd day of May, 2013.

_____
Neil V. Wake
United States District Judge